QUESTIONS: 1. Can a sheriff's department enforce the provisions of Ch. 316, F.S., within a private housing development where the roads have not been dedicated to the county and where incoming traffic is controlled by a security guard at a gate? 2. Can a sheriff's department validly, under s. 859.07, F.S., compel any minor to testify where and under what circumstances he came into possession of cigarettes or cigarette material?
SUMMARY: The provisions of Ch. 316, F.S., are enforceable on private property when the public has a right to travel by motor vehicle thereon. Whether that right is present depends upon the circumstances in a given situation. Without passing on the validity of s. 859.07, F.S., implementation of its provisions should be left to the judgment of the officer involved depending upon the circumstances in a given situation. The answer to your first question turns on whether the roads in question are subject to enforcement as contemplated by Ch. 316, F.S. I have had occasion to examine this question in two earlier opinions, AGO's 072-383 and 073-323. The former dealt with investigation of accidents on private property, the latter with enforcement of Ch. 316 on private property owned by shopping centers. In each case, I noted that s. 316.016, F.S., delineates where the provisions of the act are to be enforced, whether by state, county, or municipal governmental agencies. In each instance the key language is "where the public has the right to travel by motor vehicle." With this in mind I concluded in each of the above opinions that, notwithstanding the "private" nature of the property (shopping center, parking lots, service stations, etc.), if the public has the right to travel thereupon by motor vehicle, the enforcement provisions of Ch. 316, F.S., apply. Whether public access is present in the situation posed in your inquiry must necessarily be determined by the exact nature and purpose of the security guard and gate. For example, if in order to gain admittance the average citizen must tell the guard whom he wishes to see and/or his business within the development and the guard is required to telephonically receive permission from the concerned resident before allowing entrance, then I think it is reasonable to assume that the roads within the development are not open to the public within the meaning of the statute. If, however, the average citizen may be admitted into the development for purposes of looking at property or a home and no specific permission from a resident is required, then I think one is justified in concluding that the public does, at least for some purposes, have the right to travel by motor vehicle on the roads of the development. This reasoning is consistent with AGO 073-323, supra, since one goes to a shopping center for the limited purpose of shopping at the stores therein. Accordingly, the answer to your question depends on the precise nature of the control of incoming traffic. If the control is strict and requires specific communication of permission, then the public has no general right to travel the roads, and the provisions of Ch. 316, F.S., do not apply. If a citizen may easily gain admittance for any reason, then the public in general may likewise do so, the right is therefore established, and a law enforcement agency may enforce the provisions of Ch. 316 within the development. In regard to your second question, you state your opinion that only the courts and the state attorney's office have the power to summon or subpoena witnesses. Implicit in this statement is a question concerning the validity of s. 859.07, F.S. To this question I must beg your indulgence and decline to give an opinion. It is the long-standing policy of this office, in which I concur, to decline to rule upon the validity of a duly enacted statute or ordinance. As you know, legislative enactments are presumptively valid; and even the judiciary will not rule upon the validity of a statute except in an adversary proceeding in which the question is properly presented and must be decided in order to determine the controversy. For me to give an ex parte ruling on the validity of the statute would be an invasion of the legislative branch of the government, as well as an unwarranted intrusion into the province of the judiciary. Quite apart from the above, I might make the observation that the statute vests discretion in the judgment of the sheriff, deputy, or police officer. The only mandatory provision in the statute is that the provisions of s. 859.06, F.S., shall be enforced. Given this discretion, I think whether the officer involved decides to compel a minor to testify before the court depends on the exact circumstances in a given situation. Surely some situations would not require such a drastic procedure — the minor quite possibly would give the officer all needed information during an on-the-spot inquiry. In other situations, I can foresee where the procedure, although not imposing criminal sanctions on the minor, may result in the minor suffering negative effects therefrom. In summary, I am of the opinion that implementation of the provisions of the statute is best left to the professional judgment of the officer involved in a particular situation.